IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBERT LOUIS SALTER JR. | § | |
| v. | § | CIVIL ACTION NO. 5:12cv22 |
| BRIDGETTE NICKERSON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Robert Salter, proceeding *pro se*, filed this civil action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) complaining of alleged violations of his rights during his confinement in the Federal Correctional Institution in Texarkana. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Salter complained of an incident in which some 7,500 pages of legal materials were confiscated after he left them in the prison library where he worked. He indicated this confiscation was retaliatory in nature and asserts the loss of the documents denied him access to court; he also contended the confiscation denied him substantive and procedural due process. The Defendants were served with process and filed a motion to dismiss. Salter filed a response to the motion, and the Defendants filed a reply to the response.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and the lawsuit be dismissed. The Magistrate Judge determined that Salter's procedural due process claim concerning the confiscation was barred by the *Parratt/Hudson Doctrine*, as set out in Parratt v. Taylor, 451 U.S. 527 (1981) and Hudson v. Palmer, 468 U.S. 517 (1984). To the extent that Salter cited portions of the Code Federal Regulations as a separate cause

of action, the Magistrate Judge determined that such claims lacked merit because these code provisions did not give rise to private causes of action. The Magistrate Judge also concluded that Salter had not set out a valid claim under "substantive due process." With regard to Salter's denial of access to courts claim, the Magistrate Judge determined that Salter had not shown actual injury, as required by the Supreme Court in Lewis v. Casey, 116 S.Ct. 2174, 2179-81 (1996). The Magistrate Judge next concluded that Salter had not shown the elements of a retaliation claim as set out by the Fifth Circuit in Johnson v. Rodriguez, 110 F.3d 229, 310. Finally, the Magistrate Judge determined that the Defendants were entitled to the defense of qualified immunity.

In his objections, Salter first argues the deprivation of his property was not "random and unauthorized," but was instead done pursuant to the inherent power to conduct searches. He also asserts pre-deprivation process was not impossible and the question of whether the conduct was "unauthorized" is an issue of material fact which has yet to be determined. In effect, Salter contends that the Parratt/Hudson Doctrine does not apply because his property was taken under an established state procedure. However, such a claim requires a showing that it was a defective established procedure itself, rather than wrongful acts done in the course of following an established procedure, which caused the deprivation at issue. Holloway v. Walker, 784 F.2d 1287, 1292 (5th Cir. 1986).

In the present case, Salter does not challenge the prison search policies or procedures themselves, but the allegedly unlawful actions of the prison officials. He specifically asserts the actions taken in the course of the confiscation of his property violated a number of prison rules and regulations. Because Salter challenges the allegedly unlawful acts of persons rather than the validity of an established procedure, he is subject to the *Parratt/Hudson Doctrine*. Salter's objection on this point is without merit.

Next, Salter argues he had no adequate state post-deprivation remedies. He asserts that the administrative remedy procedures of the Bureau of Prisons were not adequate because they do not provide for monetary damages, and the entire LEXIS database of the Fifth and Eleventh Circuits contain not a single reference to 31 U.S.C. 3724. Salter states the Defendants did not point to this

statute in their motion and its *sua sponte* reference by the Magistrate Judge was an abuse of authority.

The fact monetary damages are not available through the Bureau of Prisons administrative procedure does not necessarily render this procedure inadequate. In the context of exhaustion of administrative remedies as a prerequisite to filing suit, the Supreme Court has stated that "even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter v. Nussle, 534 U.S. 516, 524 (2002). Whether or not monetary damages are available through the Bureau of Prisons' grievance procedure, Salter could have sought a settlement through the administrative tort claim procedure within the Bureau of Prisons, regardless of whether or not he could have pursued litigation in federal court under the Federal Tort Claims Act.

The fact Salter could not locate a reference to 31 U.S.C. §3724 in the databases of Fifth and Eleventh Circuit case law does not mean the remedy provided by this statute was inadequate. In Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008), the Supreme Court stated as follows:

> Congress, we note, did provide an administrative remedy for lost property claimants like petitioner. Federal agencies have authority under 31 U.S.C. §3723(a) to settle certain 'claims for not more than $1,000.00 for damage to, or loss of, privately owned property that ... is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment.' The BOP has settled more than 1,100 claims in the last three years. Brief for Respondent 41, n. 17.

The information that a settlement procedure existed for property claims clearly was available to federal prisoners, as shown by the large number of claims settled, which itself was likely only a portion of the total claims filed. The fact the Magistrate Judge cited this statute as proof that an adequate post-deprivation remedy existed was not an "abuse of authority." Salter's objection on this point is without merit.

Next, Salter states he did not plead the Defendants' alleged violations of the Code of Federal Regulations as a separate cause of action, but as proof that "the constitutionally adequate process which is due is codified in federal law at 28 C.F.R. Part 533." Salter's claim the requirements of the Code of Federal Regulations are equivalent to constitutional due process guarantees is without merit. *See* Jackson v. Cain, 864 F.2d 1235, 1251 (5th Cir. 1989) (failure to follow procedural regulations

does not establish a violation of due process); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986) (violation of prison rules is not equivalent to a due process violation). However, even indulging the dubious assumption that a statute from the Code of Federal Regulations setting out procedures for prison officials somehow creates a liberty interest for Salter sufficient to give rise to a constitutional due process right, Salter's claim on this point fails because his due process claim is foreclosed by the *Parratt/Hudson Doctrine* and the existence of an adequate post-deprivation remedy. Likewise, even if the destruction of his property was arbitrary, the claim is also barred by the *Parratt/Hudson Doctrine*.

With regard to his access to courts claim, Salter maintains he "is not required to develop a complete evidentiary record of all damages in his initial complaint." He challenges the notion that "all damages arising from a denial of access claim must be concrete and apparent in present litigation efforts," stating that this position is "incomplete" in that "the deprivation of legal materials frustrates and impedes future litigation efforts." This contention is incorrect. The Supreme Court has explained that a showing of actual injury is necessary to maintain a claim of denial of access to court; there is no abstract, free-standing right of access to court, to a law library, or to legal assistance. In this case, as the Magistrate Judge concluded, Salter has not made a concrete showing of actual harm in his litigation efforts as required by the Supreme Court. He has filed numerous motions in his ITF lawsuit, and the record does not show he has requested a copy of his pleadings or appendices from the court in that case, to replace any documents which may have been lost.

Salter objects to the recommendation his retaliation claims be dismissed, the Magistrate Judge having found none of the facts adduced by him sufficient to give rise to an inference of retaliation. His objections essentially repeat the averments in his pleadings, which were thoroughly considered in the 28-page Report and Recommendation. These objections are without merit.

Salter has also filed a motion for continuance to seek discovery under Rule 56(d), Fed. R. Civ. P., stating he believes discovery will identify: the persons who participated in the seizure and destruction of his legal material; the motivation for this action; why the policies set out in the Code

4

of Federal Regulations were not followed; the personal relationships between the parties in this lawsuit and those in the ITF case; whether his property was destroyed "arbitrarily," thus invoking substantive due process considerations; the "governmental interests" justifying the destruction of his property; whether the defendants' actions were "premeditated and deliberate;" whether the defendants have a history of confiscating property without observing federal law, an affirmative link between the constitutional deprivation and the defendants' exercise of control, thus showing causation; and that such discovery is "reasonably calculated to lead to the discovery of admissible evidence."

As a general rule, motions for further discovery under Rule 56(d) must demonstrate why the additional discovery is necessary and how it will likely create a genuine issue of material fact. Stearns Airport Equipment v. FMC Corp., 170 F.3d 518, 534-35 (5th Cir. 1999). In demonstrating how a continuance and additional discovery will allow the movant to defeat summary judgment, it is not enough to rely on "vague assertions that discovery will produce needed but unspecified facts." Washington v. Allstate Insurance Co., 901 F.2d 1281, 1285 (5th Cir. 1990). Instead, the movant must "present specific facts explaining his inability to make a substantive response ... and specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of material fact." Washington, 901 F.2d at 1285; Shelton v. Lemons, 486 Fed.Appx. 395, 2012 WL 3493892 (5th Cir. 2012) (citing Washington).

Nor does Salter show any reason for the long delay in filing his motion. The defendants' motion to dismiss was filed in August of 2012, but Salter did not file his Rule 56(f) motion until February of 2013, after the Magistrate Judge had issued her Report. His request for a Rule 56(d) postponement is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's complaint, the motion to dismiss filed by the Defendants, the Plaintiff's response thereto, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings,

5

documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 20) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion to dismiss (docket no. 14) is hereby GRANTED and the above-styled civil action is hereby DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 6th day of March, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE